UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

RICKEY D. HAINES,                               )
                                                )
                      Plaintiff,                )
                                                )
            v.                                  )        No. 2:21-cv-00119-JPH-MG
                                                )
PUTNAMVILLE CORRECTIONAL FACILITY,   )
                                                )
                      Defendant.                )

**Order Dismissing Amended Complaint and Directing Entry of Final Judgment**

Plaintiff Rickey D. Haines is a prisoner currently incarcerated at the Putnamville

Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this

Court has an obligation under § 1915A(a) to screen his amended complaint before service on the

defendants. For the reasons explained below, Mr. Haines has failed to allege a plausible claim for

relief, and final judgment shall now issue.

## I. Screening Standard

Pursuant to § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to
> state a claim for relief that is plausible on its face. A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's pro se pleadings are construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Abu-*

*Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018); *Perez v. Fenoglio*, 792 F.3d 768, 776

(7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Mr. Haines names the Putnamville Correctional Facility and its Wardens, staff, and inmates

as defendants in this action. He alleges this case "involves the majority of the staff at the

Putnamville Correctional Facility in conspiracy with the inmates with claims of outside

involvement such as state police post across road. – County Court also." Dkt. 8 at 2. His case

"involves Constitutional matters, State matters and the committing of the [breaking] of many laws,

rights, and committing many illegal crimes," since 2017. *Id.* at 2-3. Mr. Haines alleges that "they

are claiming to use radio waves to commit many sick and illegal acts and have had me physically

assaulted for not backing down from them. They edit and interrupt church videos to cuss, harass,

and stalk me, I could go on and on[.]" *Id.* at 3. Mr. Haines seeks prosecution of those involved, the

destruction of the technology used, and three million dollars.

## III. Dismissal of Amended Complaint

For a complaint to survive dismissal, it must include "plausible" allegations. *Iqbal*, 556

U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The amended

complaint asserts a broad conspiracy between actors both in and outside the prison. The function

of a conspiracy claim under 42 U.S.C. § 1985(3) is to "permit recovery from a private actor who

has conspired with state actors." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (quoting

*Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). The amended complaint, however, fails to

provide a factual basis upon which to conclude that any individual defendants reached an

agreement to deprive the plaintiff of any particular constitutional right. *See Daugherty v. Page*,

906 F.3d 606, 612 (7th Cir. 2018) (discussing conspiracy claim); *Scully v. Goldenson*, No. 17-

2486, 2018 WL 4697298, at *2 (7th Cir. Oct. 1, 2018) (stating that "allegations of a vast conspiracy among all the defendants, with a hint of paranoia to them, do not strike us as sufficiently plausible to state a claim."); *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 456 (7th Cir. 2012) (rejecting, as insufficient to state a claim, allegations that "defendants combined with each other to commit unlawful acts"). Mr. Haines' allegations of a vast conspiracy among all the defendants are not sufficiently plausible to state a claim. *See Ford-El v. United States*, 848 F. App'x 664, 665 (7th Cir. 2021); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Accordingly, the amended complaint is **dismissed** for failure to state a claim upon which relief may be granted. The plaintiff was given an opportunity to file an amended complaint and his most recent pleading reflects that further opportunities to amend would be futile. Accordingly, this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 7/20/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICKEY D. HAINES
115454
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

3